IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK CHAPPLE, | § | |
|     Movant, | § | |
| | § | **3:16-cv-1849-M** |
| v. | § | **3:12-cr-273-M (02)** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I. Background**

Kendrick Chapple pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Brown*, 3:12-cr-0273-M (02) (N.D. Tex.), Dkt. No. 108. At sentencing, the Court applied United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1 and set Chapple's offense level at 22 because of his prior felony conviction for manslaughter. *See* U.S.S.G. § 2K2.1(a)(3)(A) (increasing the defendant's offense level if the instant offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and he had a prior felony conviction of "either a crime of violence or a controlled substance offense."). The Court ultimately sentenced him to 96 months in prison with three years of supervised release. *See United States v. Brown*, 3:12-cr-0273-M (02) (N.D. Tex.), Dkt.

No. 108.

After an unsuccessful direct appeal, *see United States v. Chapple*, 573 F. App'x 312 (5th Cir. 2014), Chapple filed this 28 U.S.C. § 2255 motion. *See* Dkt. Nos. 1 & 2. He argues that the term crime of violence, as used in U.S.S.G. § 2K2.1, is void for vagueness in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Dkt. No. 2 at 2, 12 ("*Johnson* means that § 2K1.2 is unconstitutionally vague."). He also argues that the Court misapplied U.S.S.G. § 2K2.1 because his prior conviction for manslaughter was not a crime of violence. *See id.* at 3-4. The Court ordered the government to respond to the Section 2255 motion, and the government moved instead to stay this case pending the resolution of *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). A stay was entered, *Beckles* was announced, and the stay was then lifted.

## II. Discussion

Chapple's claims are meritless. His claim that the definition of the phrase crime of violence as used in U.S.S.G. § 2K2.1 is void for vagueness after *Johnson* is foreclosed by the Supreme Court's decision in *Beckles*. *See* 137 S. Ct. 889 at 892. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But *Beckles* held that, unlike the Armed Career Criminal Act at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). So, there is

no merit to Chapple's claim that "*Johnson* means that [U.S.S.G.] § 2K2.1 is unconstitutionally vague."

Chapple also claims that the Court misapplied U.S.S.G. § 2K2.1 by counting his prior manslaughter conviction as a crime of violence. *See* Dkt. No. 2 at 2. But that claim is not cognizable in this Section 2255 proceeding because "'an attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding.'" *Wright v. United States*, 3:16-cv-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-cv-889-L & 3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008). "Section 2255 motions may raise only constitutional errors and other injures that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted). In sum, there is no merit to Chapple's claim that, in the wake of *Johnson*, his manslaughter conviction is no longer a crime of violence within the meaning of U.S.S.G. § 2K2.1.

### III.  Recommendation

For the foregoing reasons, it "plainly appears" that Chapple "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255

Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

 Signed this 2nd day of November, 2017.

            _____
            PAUL D. STICKNEY
            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).